PREGERSON, J.,
dissenting:
I respectfully dissent. I believe Cox has made out a colorable claim that his attorneys were constitutionally ineffective when they failed to mount any defense against the special circumstance allegation. Accordingly, I would remand to the district court for an evidentiary hearing limited to this issue.
DISCUSSION
Cox alleges that his attorneys did not understand that a plausible defense could be mounted against the special circumstance allegation. Cox’s attorneys could have argued that (1) co-defendant Williams was the actual shooter, and (2) Cox lacked the specific intent to aid Williams in committing first-degree murder. Cox points out that, had his attorneys prevailed on this theory, Cox would have been convicted of four counts of first degree murder as an aider and abettor but would have been ineligible for the death penalty. See CaLPenal Code § 190.4(a); People v. Williams, 16 Cal.4th 635, 66 Cal.Rptr.2d 573, 941 P.2d 752, 786-787 (1997). Cox cites excerpts of his trial attorneys’ testimony that lend support to his allegation that his attorneys did not consider addressing the special circumstance allegation.
To receive an evidentiary hearing, a habeas petitioner need only make out a “colorable claim” for relief. Earp v. Ornoski, 431 F.3d 1158, 1169 (9th Cir.2005). This lesser “colorable claim” standard does not require a habeas petitioner to “conclusively establish ... that counsel was prejudicially deficient.” Id. at 1173. Rather, the habeas petitioner must “allege specific facts which, if true, would entitle him to relief.” Id. at 1167 n. 4 (internal quotation marks and citation omitted).
To make out a colorable claim of ineffective assistance, Cox must allege facts that, if true, would demonstrate that (1) counsel’s performance “fell below an objective standard of reasonableness” (the “performance prong”); and (2) “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different” (the “prejudice prong”). Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
I. Performance Prong
Cox has made out a colorable claim under Strickland’s performance prong for two reasons.
First, this is not a case concerning some minor disagreement about what a defense attorney could have done during the guilt phase. Rather, this is a case where defense counsel did not put on a defense at all. Defense counsel called no witnesses and *87 gave no opening or closing statement. In this context, Cox’s attorneys’ failure to raise any defense to the special circumstance allegation is prima facie evidence of deficient performance. Absent some indication that counsel evaluated the special circumstance’s intent requirement and made a strategic decision to forgo a defense, counsel’s wholesale failure to mount a defense constitutes deficient performance.
Second, Cox’s claim is not limited to the indisputable fact that his attorneys did nothing to defend against the special circumstance allegation. Cox has alleged that his attorneys’ failure to raise a defense to the special circumstance allegation was due to their misunderstanding of the law — that his attorneys did not understand the special circumstance’s intent requirement. If this allegation is true, it would mean that Cox’s attorneys were clearly deficient. See Lankford v. Arave, 468 F.3d 578, 584 (9th Cir.2006) (holding that attorney performed deficiently because his decision was based on a misunderstanding of the law); United States v. Span, 75 F.3d 1383, 1390 (9th Cir.1996) (same).
Moreover, there is a legitimate factual dispute as to whether Cox’s attorneys misunderstood the law. Cox has pointed to excerpts of the trial attorneys’ depositions that lend credence to his allegation. Ordinarily, factual disputes are resolved by the district court. Here, however, the district court did not address Cox’s argument that his attorneys misunderstood the law and never referred to the excerpts of deposition testimony that support his allegation. For us to determine this issue, in the absence of factual findings, would be premature. Our inquiry at this stage is to determine whether Cox has “allege[d] specific facts which, if true, would entitle him to relief.” Earp, 431 F.3d at 1167 n. 4 (internal quotation marks and citation omitted). It is not our job to determine whether Cox’s attorneys actually misunderstood the law or made a sound strategic decision.
In sum, Cox has made out a colorable claim that his attorneys performed defi-ciently when they failed to raise any defense to the special circumstance allegation.
II. Prejudice Prong
When compared with other ineffective assistance cases, the prejudice inquiry in this case is unique. We are called upon to address the impact of mounting no defense at all. Because there was a plausible defense to the special circumstance allegation, counsel’s failure to raise it (or any other defense) prejudiced Cox.
Counsel’s failure to give any closing argument sent an implied message to the jury that the prosecution had proved the special circumstance allegation beyond a reasonable doubt. After the prosecution presented an emotional closing argument, Cox’s attorney responded by uttering one word: “Submitted].” It is difficult to imagine how the jury could interpret counsel’s silence as anything other than an admission by the defense that the prosecution had proved the special circumstance allegation beyond a reasonable doubt.
Cox’s attorneys could have argued during the guilt phase that Williams was responsible for the murders and that Cox lacked the intent to kill. The two surviving victims provided a description of the shooter that matched Williams and not Cox. This, coupled with evidence that Williams orchestrated the killings, presented a compelling defense to the special circumstance allegation. Had defense counsel given a closing argument that described this evidence, it is reasonably probable that at least one juror would have had a reasonable doubt about the *88 shooter’s identity and whether Cox specifically intended that the victims be killed.
The majority mistakenly applies a more onerous standard for prejudice than the standard articulated in Strickland and its progeny. The majority contends that Cox must show “that at least one reasonable juror could have found (1) that [Cox] aided and abetted, but did not commit, the murders; and (2) that [Cox] did not intend to kill anyone.” Majority Op. at 83-84. But the burden was on the prosecution to prove beyond a reasonable doubt that Cox (1) was the actual shooter, or (2) acted with the specific intent to aid and abet co-Defendant Williams in committing first-degree murder. See Cal.Penal Code § 190.4(a); Williams, 66 Cal.Rptr.2d 573, 941 P.2d at 786-787. Had one juror had a reasonable doubt about the identity of the shooter and Cox’s intent, Cox would have been ineligible for the death penalty. Id. Thus, the relevant inquiry here is whether there is a “reasonable probability” that, but for defense counsel’s errors, at least one juror would have had “a reasonable doubt.” Duncan v. Omoski, 528 F.3d 1222, 1247 (9th Cir.2008).
The evidence the majority points to — the palm print and the witnesses who saw Cox carrying the murder weapon — does not preclude a finding of prejudice. There was evidence supporting the prosecution’s theory that Cox was the actual shooter. But there was also evidence supporting the theory that Williams was the actual shooter and that Cox lacked the specific intent to kill. The jury was deprived of the opportunity to decide between these two theories because defense counsel failed to present a defense to the special circumstance allegation.
In sum, it is not necessary for Cox “to show that counsel’s deficient conduct more likely than not” altered the special circumstance verdict. Duncan, 528 F.3d at 1239 (internal citations omitted). He need only show a “reasonable probability” that, but for defense counsel’s errors, one juror would have had a reasonable doubt. Id. at 1247. Cox has met this burden.
CONCLUSION
Because Cox has made out a colorable claim for relief, I would remand to the district court for an evidentiary hearing on Cox’s claim that his attorneys were constitutionally ineffective when they failed to mount any defense against the special circumstance allegation. Because the majority declines to remand for such a hearing, I respectfully dissent.